UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NICOLE STEWART,**

    **Plaintiff,**

v.                                 **Case No.:**
                                    **Circuit Court Case No: 2022-CA-00898**

**WALGREEN CO.,**

    **Defendant.**
_____/

## NOTICE OF REMOVAL

Defendant, WALGREEN CO. (hereinafter "Defendant" or "Walgreens"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiff, NICOLE STEWART (hereinafter "Plaintiff"), from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to this Court. Defendant submits the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

1. On May 30, 2022, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. The clerk of that court assigned Case Number 2022-CA-00898 to this action.

2. Plaintiff served Defendant with a Summons and copy of the Complaint

(Compl.) on August 25, 2022. (See Exhibit A).

3. Plaintiff's Complaint purports to set forth four counts against Defendant. Counts I, II, and IV allege violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 et seq. (Compl. ¶¶ 103-117, 126-133). Count III alleges violations of the Florida Private Sector Whistleblower Act ("FWA"), Fla. Stat. § 448.102 et seq. (Id. ¶¶ 118-125). Specifically, Plaintiff claims Defendant discriminated against her because of her perceived disability and national origin, as well as retaliated against her because she engaged in protected activity under the FWA and FCRA. (Id. ¶¶ 103-133).

4. This Court has original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

5. The amount in controversy in this action exceeds $75,000.00. In the Complaint, Plaintiff alleges that "this action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00) . . . ." (Compl. ¶ 2). That assertion places no limitation on the amount of damages Plaintiff seeks, and the remaining allegations regarding the relief sought in the Complaint clearly establish that the amount in controversy exceeds $75,000.00 as of the date of removal, which is the relevant period of time. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 772 (11th Cir. 2010).

6.      Plaintiff alleges she "has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, [bodily injury,] inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with loss back and front pay, interest on pay, bonuses, and other benefits." (Compl. ¶¶ 110, 133). Plaintiff also alleges that she "has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to her reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages." (Compl. ¶¶ 117, 124). Plaintiff requests that the Court award her "all legally-available general and compensatory damages and economic loss[,]" as well as attorney's fees and costs. In determining the amount in controversy, all of the different categories of relief sought by Plaintiff may be aggregated. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 585-86 (2005).

7.      Plaintiff's back pay claim alone establishes the requisite amount in controversy. Plaintiff alleges that she was constructively terminated on August 31, 2020. (Compl. ¶ 100). At the time of her termination, her annual compensation was $37,273.60. (See Exhibit B, which is a true and correct copy of Plaintiff's pay rate history during her second period of employment with Defendant.) Back pay is generally awarded between the date of separation and trial. See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000); Fusco v. Victoria's Secret Stores, LLC, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011). Even at the time of

removal, however, Plaintiff's claim for back pay from the date of her alleged constructive discharge establishes that there is at least $76,895.43 in controversy in this action.[1]

8.   Plaintiff's claim of front pay establishes that there is an additional $37,273.60 in controversy.  See Brown v. Cunningham Lindsey U.S., Inc., Case No. 3:05-cv-141-J-32HTS, 2005 WL 1126670, *5 (M.D. Fla. 2005) (considering the value of one year of front pay in determining the amount in controversy).

9.   Plaintiff also claims she has "suffered emotional distress, mental pain and suffering" (Compl. ¶¶ 110, 133), and "has suffered mental anguish, emotional distress, expense…" (Compl. ¶¶ 117, 124), and requests that the Court grant her "general and compensatory damages and economic loss . . . ."  As a matter of law, garden variety emotional distress claims, where there is no evidence of physical or psychological injury, should not exceed the range of $5,000.00 to $30,000.00.  See Ernie Haire Ford, Inc. v. Atkinson, 64 So. 3d 131, 132-33 (Fla. 2d DCA 2011).  Thus, this request for relief further supports the conclusion that the amount in controversy is satisfied in this case.

---

[1] In addition to claiming back pay related to her constructive discharge, Plaintiff further alleges that Defendant reduced her hours after she filed a charge with the EEOC on May 13, 2020. (Compl. ¶ 84). That allegation would further add to the back pay Plaintiff seeks through her Complaint and, consequently, increase the amount in controversy.

10. Plaintiff's request for punitive damages also supports finding that the amount in controversy has been satisfied. Under the FCRA, an award of punitive damages is capped at $100,000.00. See Fla. Stat. § 760.11(5); see also City of Hollywood v. Hogan, 986 So. 2d 634, 649 (Fla. 4th DCA 2008). Thus, even if the statutory maximum were not considered in determining the amount in controversy, this request for relief, at a minimum, increases the amount in controversy in this action.

11. Plaintiff's request for attorney's fees also must be considered in determining the amount in controversy, as both the FCRA and the FWA provide that attorney's fees are available. See Fla. Stat. §§ 448.104, 760.11(5); see also Federated Mutual Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003) (providing that attorney's fees can be considered in determining the amount in controversy when such award is provided by statute); Armstrong v. Charlotte County Bd. Of County Com'rs, 273 F. Supp. 2d 1312, 1314 (M.D. Fla. 2003); Hogan, 986 So. 2d at 649 (providing that attorney's fees may be awarded under the FCRA).

12. As a result of the foregoing, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and Defendant has satisfied the amount in controversy requirement in 28 U.S.C. § 1332(a)(1). See Kok v. Kadant Black Clawson, Inc., 274 F. App'x 856, 857 (11th Cir. 2008).[2]

---

[2] Where a plaintiff makes an unspecified demand for damages in state court, a removing defendant

13. This action also is between citizens of different states. According to the Complaint, Plaintiff is a citizen of Florida.[3] (Compl. ¶ 3). While Plaintiff claims that Defendant, Walgreen Co., was organized and exists under the laws of the State of Florida, (Compl. ¶ 4), Defendant is a foreign corporation. Specifically, Defendant is an Illinois corporation with its principal place of business in Deerfield, Illinois. (Exhibit C). Therefore, Defendant is a citizen of Illinois, and there is diversity between the parties. See 28 U.S.C. § 1332(c)(1).

14. The foregoing establishes that this action is properly removable under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

15. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1441(a), and Local Rule 3.1(B), United States District Court, Northern District of Florida.

16. A complete copy of all pleadings filed in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, has been filed simultaneously with this Notice of Removal.

---

need only show by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

[3] Plaintiff alleges that she resides in Florida. (Compl. ¶ 3). Proof of residence is *prima facie* evidence of domicile, which is, in turn, required to be a citizen of a particular state. Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1952). As a result, Plaintiff's allegations establish, by a preponderance of the evidence, that she is a citizen of the state of Florida.

17. Defendant has provided written Notice of the Removal to Plaintiff, and, contemporaneous with this Notice, Defendant is filing the Notice of Filing Notice of Removal in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit D.

18. Defendant will respond to the Complaint in this Court accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure and Local Rule 7.2.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it has been filed within 30 days after service of the Complaint.

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over this matter for all further proceedings.

Dated this 23rd day of September, 2022.

Respectfully submitted,

*s/ Gregory A. Hearing*
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
BENJAMIN W. BARD
Florida Bar No.: 95514
benjamin.bard@gray-robinson.com
GRAYROBINSON, P.A.
401 E. Jackson Street, Suite 2700
Post Office Box 3324 (33601-3324)
Tampa, Florida, 33602
Tel:  (813) 273-5000
Fax:  (813) 273-5145
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>23rd</u> day of September, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served by electronic mail and U.S. Mail, to the following to the following:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Email: <u>marie@mattoxlaw.com</u>
ATTORNEY FOR PLAINTIFF

<u>*s/ Gregory A. Hearing*</u><br>Attorney